OLIVER M. BUTLER *et al.*, Plaintiffs in Error, *v.* SOLOMON DUNHAM *et al.*, Defendants in Error.

### ERROR TO KANE.

The legislature has the constitutional right to authorize counties, towns and cities to aid in the construction of railroads, by lending credit, issuing bonds or taking stock. Fraud in the election authorizing such action must be set up in apt time, and before rights have accrued.

THIS bill alleges, that each of the complainants are owners of real estate and tax-payers in the limits of the town of St. Charles, and that the total amount of property assessed to them is $100,000, and is about one-fourth the taxable property of said township. That the joint property of complainants in said township, will be liable to an assessment for taxes for the year 1859, for about the said sum of $100,000, for state, county, and township taxes.

That the village of St. Charles contains between 2,000 and 3,000 inhabitants. That the voters in said village are the majority of voters of said township of St. Charles. That the inhabitants of said village, against the wishes of complainants, procured at the last session of the legislature, the passage of an act entitled "An act to incorporate the St. Charles Railroad Company," which was approved February 18, 1859.

That O. M. Butler is now acting supervisor of the town of St. Charles, duly elected. That R. N. Botsford is the acting town clerk for said town, duly elected, etc., and both said Butler and Botsford are made defendants.

That in pursuance of authority to be obtained in pursuance of an election to be held at a time and place, in said notice mentioned, said defendants are about to issue bonds to a large amount, of the said township, making the same a charge on said township, and on the property of its inhabitants, the principal and interest to be paid by tax on all the real and personal property in said township.

That on information and belief it is not designed to have any stock taken in said railroad company, except such part as shall be taken by the said township; but it is designed to

make the said township a railroad corporation, for the purpose mentioned in said act.

That as they are advised, the complainants charge that said township is a municipal corporation for the government of its people; not a private corporation for pecuniary purposes; and that it is contrary to the constitution of this State to make such a private corporation for the purposes of speculation; compelling the inhabitants and property owners of said town to invest their property without their consent, and against their wishes, etc., which municipal corporation is changed from the legitimate constitutional and legal objects thereof.

That the farming community of said town, and especially complainants, have ample railroad facilities. That no benefit would accrue to complainants by building said branch railroad, but the same would be an injury.

That said defendants, and those acting with them, declare it is the intention to issue said bonds by authority of said act, according to the determination of said election, to be held in pursuance of said notice, and to use and apply the proceeds, when issued, in repairing an old railroad belonging to the Galena Railroad Company, connecting said village with the said Galena road, with the pretense that that would be using said bonds in accordance with said act.

That the track last mentioned is not used by said Galena Company, and has not been for a long time, for the reason that it would not pay running expenses and repairs. They have freely given the use of the said old track to the citizens of St. Charles, also running equipage, conditional that they would run the same and keep it in repair.

That nineteen of complainants have lands in said township, of about the assessed value of $15,000; all of which lands lie nearer some one of said depots, than to the depot at St. Charles, so that said railroad will be of no advantage to said property of said nineteen complainants, and that each and all of said nineteen complainants live without the town of St. Charles, have no vote at elections mentioned in said act, and if said bonds are issued, they will be injured and have no voice in the matter. That should said contemplated road be built, it can never pay running expenses; that all moneys invested in said road will be lost.

That said village has for many years been provided with a railroad, and all equipments necessary for running it, free of expense; that the same has been abandoned, as it would not pay running expenses and repairs, and was worthless as a moneyed investment. That complainants have all the railroad facilities to carry their produce to market and to travel upon. That they

are not obligated by the constitution or law to provide ways of travel, etc., to the people of St. Charles, etc. That no benefit of any kind can accrue to complainants or their property, private, public, legal, commercial, moral or religious, by the building of said railroad. It is in no sense a railroad. It cannot be called a public road, but a matter of accommodation, local in its character, to the village of St. Charles; said road will not increase the value of the property of complainants, but will decrease its value, by taxes, etc. That money invested in said road will be sunk and lost, and it will be a continual tax upon the property owners of said town to keep it in repair.

That complainants became property owners in said town under the pledge of the law of the constitution of this State, that their property should be burdened only with taxes legitimate and necessary for the support of the government, and that it should not be taken for private use against their will, and not for public use without just compensation. That the using said bonds and encumbering complainants' property by taxes, hereafter to be raised, to pay principal and interest of the same, is a direct violation of the constitution, etc. Complainants show, on information and belief, that O. M. Butler, acting supervisor of said town, and R. N. Botsford, acting clerk, are about to issue the bonds of said town to the amount of several thousand dollars under said law mentioned, bearing a high rate of interest, pledging all the property in said township for the payment thereof. Complainants had well hoped that said defendants would have regarded their duty, etc., but they not regarding their duty, etc., but combining and confederating, etc., whose names, etc., have called an election at the village of St. Charles, on the 20th day of May, 1859, to get an excuse for issuing said bonds, and intend to issue the same; sometimes pretending that the proceeds shall be applied to building a plug railroad, to connect with the Air Line Railroad at Geneva, sometimes pretending the same to be applied to building a plug railroad, to connect with the Galena and Chicago Union Railroad, near Clintonville, and sometimes they are to be applied to repairing the plug branch railroad, running from St. Charles to the Junction, all of which acting and doings are contrary to equity, etc.

Here follows usual prayer for summons, etc., that defendants answer without oath. And also that a writ of injunction may issue, restraining defendants' agents, attorneys, and successors, from issuing, signing, selling or disposing of any bonds, pledging the township of St. Charles for their redemption, in pursuance of the act of the legislature mentioned, or

from doing any other act or thing by which the township of St. Charles may be made liable for any railroad, and that the injunction be made perpetual.

The complainants, by their solicitor, moved the court for an injunction, which motion was sustained by the court.

By a supplemental bill the complainants allege, that since filing the original bill, to wit, May 20, 1859, a town meeting of the inhabitants of said township was held under and pursuant to the notice, and that a vote was then and there taken by such of the inhabitants of said township as attended said meeting for the purpose, as alleged in said notice, of ascertaining whether the citizens, etc., were desirous that said township should subscribe for, or cause to be subscribed for, any, and if any, how much of the capital stock of said railroad company. That at such meeting one hundred and nineteen votes were cast against a railroad, and that two hundred and fifty-eight votes were cast for a railroad, two hundred and fifty of said votes being for $6,000 capital stock, and a few of said votes being for $15,000 capital stock. That nearly or quite all of said one hundred and nineteen votes were composed of complainants and of the remaining farmers of said township. That nearly or quite all of said two hundred and fifty-eight votes for a railroad were given by persons residing in said village. Complainants don't know of a single farmer who voted in favor of a railroad.

That defendants aforesaid now propose and threaten to issue bonds of said township, in all the sum of $6,000, as soon as the injunction in this case shall be dissolved.

At the May term, 1859, of said court, the following proceedings were had in said cause:

The respective parties come by their solicitors, etc., the court being fully advised of the defendants' motion to dissolve the injunction herein heretofore entered in this cause, overrules said motion, to which ruling of the court the defendants, by their counsel, except.

A demurrer was filed by the defendants in the usual form, to said original and supplemental bills. The court overruled said demurrer.

It is ordered that the default of defendants be taken for want of answer, and that complainants' bill be taken as confessed against defendants, and that the injunction heretofore ordered be made perpetual, etc.

C. B. WELLES, R. N. BOTSFORD, and J. L. BEVERIDGE, for Plaintiffs in Error.

A. M. HERRINGTON, and M. FLETCHER, for Defendants in Error.

BREESE, J. All the questions presented by this record have been decided by this court.

In the case of *Prettyman* v. *The Supervisors of Tazewell County*, 19 Ill. 406, which was an application similar to this, for the exercise of the restraining power of the court, we held that the legislature had the constitutional right to authorize counties, towns and cities to aid in the construction of railroads, by lending their credit, in the form of bonds, or by taking stock in the roads. That a complaint of fraud in the election, or the question of taking stock or issuing bonds, must be made in apt time, and before any rights have accrued under the election. To the same effect, is the case of *Robertson* v. *The City of Rockford et al.*, 21 Ill. 451; *Johnson* v. *The County of Stark*, 24 id. 75, and *Perkins* v. *Lewis et al.*, id. 208.

We see nothing in this case to take it out of the ruling in these cases. The court should have sustained the demurrer and dismissed the bill, as it is without merits. The decree of the court below is reversed, and the bill dismissed.

*Decree reversed, and bill dismissed.*