## Case No. 12,449.

### SCHENCK v. MARSHALL COUNTY.

[1 Biss. 533.] [1]

Circuit Court, N. D. Illinois. Oct., 1866. [2]

RAILROAD COMPANIES — COUNTY BONDS IN AID — ISSUE — FORMALITIES — ESTOPPEL.

1. County bonds in all respects regularly issued by the board of supervisors, except that the notice of the election, at which the authority to issue the bonds was given, proceeded from the county court, instead of the board of supervisors, but on which the county had paid interest for nine years, are valid in the hands of bona fide holders.

2. The election having been held in due form, there is simply a defective execution of the power, and not a defect in the power itself.

3. On questions of commercial law this court, although respecting the opinions of the supreme court of the state, is not bound by its decisions.

4. A municipal corporation may be estopped by its own acts, as well as a private individual.

5. The board of supervisors being authorized under certain circumstances to issue bonds, and having issued them, the presumption is that they were issued conformably to the authority, and

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [Affirmed in 5 Wall. (72 U. S.) 772.]

the board is estopped from denying their validity in the hands of a bona fide holder.

[Cited in brief in Turner v. Peoria & S. R. Co., 95 Ill. 136.]

This was an action of assumpsit by Robert C. Schenck, to recover interest due on coupons attached to bonds, issued by the board of supervisors of Marshall county, upon their subscription to the capital stock of the Western Air Line Railroad Company. The defense was, that on February 28, 1853, when the election was held to decide as to whether the county should subscribe to the stock of the said corporation, the county was acting under township organization. That the notice for the election proceeded from the county court, instead of the board of supervisors, and that as the bonds were issued by the board, without any further authority, they were void. The county subscribed, and the bonds were issued by the chairman of the board, properly authenticated by the county seal.

Scammon, McCagg & Fuller, for plaintiff, arguing that the defect in the notice, all the subsequent proceedings being regular, did not invalidate the bonds in the hands of bona fide purchasers, cited: Commissioners of Knox Co. v. Aspinwall, 21 How. [62 U. S.] 539; Woods v. Lawrence Co., 1 Black. [66 U. S.] 386; Moran v. Commissioners of Miami Co., 2 Black. [67 U. S.] 722; Gelpcke v. City of Dubuque, 1 Wall. [68 U. S.] 175; Van Hostrup v. Madison City, Id. 291; Meyer v. City of Muscatine, Id. 384; Thompson v. Lee Co., 3 Wall. [70 U. S.] 327; Rogers v. Burlington, Id. 654. As to ratification and estoppel by payment of interest: President, etc., of Town of Keithsburg v. Frick, 34 Ill. 405; Society for Savings v. City of New London, 29 Conn. 174; Tash v. Adams, 10 Cush. 252; State v. Van Horne, 7 Ohio St. 327; State v. Trustees of Union Tp., 8 Ohio St. 394; Trustees of Goshen Tp. v. Shoemaker, 12 Ohio St. 624; Gould v. Town of Venice, 29 Barb. 443; Farmers' & Mechanics' Bank of Kent Co. v. Butchers' & Drovers' Bank, 16 N. Y. 125; Clark v. City of Janesville, 10 Wis. 136; Mills v. Gleason, 11 Wis. 470. That the United States courts will not always follow the decisions of the local courts: City of Chicago v. Robbins, 2 Black [67 U. S.] 418; Gelpcke v. City of Dubuque, 1 Wall. [68 U. S.] 175. That not every irregularity invalidates the bonds in the hands of bona fide holders: Taylor v. Taylor, 10 Minn. 107 [Gil. 81]; Commissioners of Knox Co. v. Wallace, 21 How. [62 U. S.] 539; Zabriskie v. Cleveland, C. & C. R. Co., 23 How. [64 U. S.] 381.

B. C. Cook, for defendant.

Before DAVIS, Circuit Justice, and DRUMMOND, District Judge.

DRUMMOND, District Judge. In this case, where the demurrer was argued yesterday, the question raised upon the demurrer substantially disposes of the case. The law of

1849, it was contended, was changed by subsequent acts, throwing upon the board of supervisors what had previously been done by the county court; and inasmuch as the notice of the election was given by the county judge and not by the board of supervisors, it is claimed that the bonds which were issued to the railroad under an election, by the board of supervisors, were void. This identical question in relation to the bonds of Marshall county, (similar bonds), has been before the supreme court of this state, and that court has ruled that inasmuch as the notice was improperly given, the bonds were void in the hands of bona fide purchasers for value. There can be no other argument, we think, made in favor of the defendant in this case than what arises from this decision. The question is whether that decision is binding upon this court in a case of this kind. We have examined the opinion of the supreme court of this state, upon this point, and, as I have already said, it decides the same question that is involved here, and decides it against the validity of the bonds. We think, with all proper respect, that decision of the supreme court of the state cannot be sustained upon principle, nor under the authority of decisions of the supreme court of the United States. With all due respect to the supreme court of this state, we think that it is, to all intents and purposes. simply a defective execution of the power, and not a defect in the power itself. These bonds were issued by the board of supervisors of Marshall county. By law they were authorized to issue them, when the notice was given, and the election was held. The notice was something that had to precede the issuing of the bonds, but it is said came from the wrong source. It ought to have come from the board of supervisors instead of from the county court. It was simply a notice of the election. The election was held in due form, the vote was taken, and in all other respects the law was complied with. If the law had said in words that all bonds issued without a compliance in every particular with the pre-requisites of the law, should be held void under all circumstances, perhaps there would be some force in the position taken by the supreme court of the state, but the law simply declares, before the bonds shall be issued, this notice shall be given. The authority to issue the bonds is the board of supervisors. In a case that was very fully considered by the supreme court of the United States, it was held that the presumption was, that when a particular board (in that case a board of county commissioners) was authorized, under certain circumstances, to issue bonds upon notice, when the bonds were issued, the presumption was that the pre-requisites of the law had been complied with, and that when the bonds were in the hands of an innocent purchaser the county should be held responsible, although, in point of fact, one of the pre-requisites of the case had not been complied with. This is a commercial question. It is a question affecting a citizen of another state, in relation to commercial paper. We think that the decision that has been cited strikes at the very foundation of nearly all the bonds that have been issued under this or similar laws, because it is very rare indeed, where the law requires certain officers to perform acts, that every thing essential is performed precisely in the form that the law requires. We have to look at the great object sought to be accomplished by these and similar laws. We think that when the material pre-requisites of the law have been complied with, and the bonds have been. issued in conformity with the main features and provisions of the law, and the money has been obtained on them by the county, and they have been transferred in open market to bona fide holders for value, the county ought to be held responsible. Again, in this case, after these bonds had been issued by the board of supervisors, who, it will be recollected. it is contended, should have given the notice, taxes were assessed to pay the interest upon these bonds, year after year, and the agents of the county participated in the election of officers of the railroad to which these bonds were issued as a subscription to its stock. The taxes were assessed and paid by the county for the interest on these bonds for about six years. The only ground which can be taken in this aspect of the case, as it seems to us, is to hold that a municipal corporation, like a county, cannot be estopped by its own acts in relation to a bond about which there has been some informality in the issue. That question has been, as we think. decided by the supreme court of the United States, and that court held that a municipal corporation may be bound, as well as an individual, by its own acts; and admitting there was a question as to the validity of the issue of these bonds, we think it is too late for the county of Marshall to raise that question, after they have, for a series of years, in this way, ratified and confirmed their issue. The statute the supreme court of the state has construed, adopting the principles of the common law. This court construes it according to the same principle, and we think. construing it in conformity with those principles. we can arrive at no other result than that which has already been stated. It is painful for us to come in conflict on a question of so much importance as this with the supreme court of the state, but we think such great principles are involved in this decision that we do not feel inclined to yield our own individual opinions. the more especially as the case can be reviewed by the supreme court of the United States. The demurrer will be overruled and judgment will go for the plaintiff on the demurrer.

This case was carried to the supreme court. and all the facts are fully stated in the reported case (5 Wall. [72 U. S.] 772). where the judgment of the court below is affirmed.

NOTE. The decision of the supreme court of Illinois, declaring these laws invalid, is in the case of Marshall Co. v. Cook, 38 Ill. 44. That a corporation is bound by an estoppel is declared in New England Car Spring Co. v. Union India Rubber Co. [Case No. 10,153]. A municipal corporation. Bissel v. City of Jeffersonville, 24 How. [65 U. S.] 287; Mercer Co. v. Hacket, 1 Wall. [68 U. S.] 83. Municipal corporation estopped from denying validity of bonds. Moran v. Miami Co., 2 Black [67 U. S.] 722; Mercer Co. v. Hacket, 1 Wall. [68 U. S.] 83; Van Hostrup v. Madison City. Id. 291; Meyer v. Muscatine, Id. 384; Mygatt v. Green Bay [Case No. 9,998]; Luling v. City of Racine [Id. 8,603]. See, also, Woodhull v. Beaver Co. [Id. 17,974].

United States courts not always bound to follow the decisions of state courts. Swift v. Tyson, 16 Pet. [41 U. S.] 18; Pease v. Peck, 18 How. [59 U. S.] 595; Robinson v. Commonwealth Ins. Co. [Case No. 11,949]; Williams v. Suffolk Ins. Co. [Id. 17,738]; Thomas v. Hatch [Id. 13,899]; Meade v. Beale [Id. 9,371]; Carroll v. Carroll's Lessee, 16 How. [57 U. S.] 275. See, also, Goedgen v. Supervisors of Manitowoc Co. [Case No. 5,501]. June term, 1870.

That the payment of interest on bonds is an affirmance of their validity, was also held by Miller, J., in case of Luling v. City of Racine [supra]. That the doctrine of estoppel applies to corporations, as to matters within the scope of their powers, though no actions be found in their records, see Hooker v. Eagle Bank of Rochester. 30 N. Y. 83; Howe v. Keeler, 27 Conn. 538; Hart v. Stone, 30 Conn. 94; Argenti v. City of San Francisco, 16 Cal. 256.

Mere irregularities do not vitiate a bond in the hands of a bona fide holder. Butz v. Muscatine, 8 Wall. [75 U. S.] 575; Mercer Co. v. Hacket, 1 Wall. [68 U. S.] 83; Butler v. Dunham, 27 Ill. 474; Commissioners of Knox Co. v. Nichols, 14 Ohio St. 260. Consult, also, Town of Grand Chute v. Winegar [15 Wall. (82 U. S.) 355], decided by the supreme court at the December term, 1872.

A ratification by the legislature of bonds issued by a municipal corporation under a statute is, in all respects, equivalent to original authority, and cures any defects of power or irregularities in its exercise. Beloit v. Morgan. 7 Wall. [74 U. S.] 619; City of Kenosha v. Lawson, 9 Wall. [76 U. S.] 477.