## Case No. 5,421.
### GILCHRIST v. LITTLE ROCK.
[1 Dill. 261.] [1]

Circuit Court, E. D. Arkansas. 1871.

MUNICIPAL BONDS ISSUED FOR RAILROAD STOCK.

1. A bona fide holder of the negotiable bonds of a municipal corporation, having express and unrestricted authority to issue them, may recover thereon, although made payable at an earlier date than directed in the ordinance of the city relating to the mode of executing them.

2. The federal court in an action by the bona fide holder of negotiable bonds, issued by a municipality of the state under express legislative authority, declined, under the circumstances and for the reasons stated, to overthrow, at the instance of the defendant, the legislative act, on the ground that it was in conflict with the state constitution.

[Cited in Shelley v. St. Charles County, 17 Fed. 912.]

Action on negotiable bonds and coupons issued by the city of Little Rock in payment for stock subscribed by the city in a railroad company. An act of the legislature of the state authorized the subscription, and the issue of bonds, and did not prescribe the time for which they should run. The bonds are dated June 1, 1859, and contain a recital that they are issued and executed in pursuance of law, and an ordinance of the city passed on the 20th day of March, 1855. The bonds are payable on or before July 1, 1870. The ordinance of March 20, 1855, directed the bonds to be made "payable fifteen years after the date thereof," and seemed to contemplate an immediate issue. But the act of the legislature authorizing their issue was not passed until 1859, whereupon the city (May 19, 1859) passed an ordinance "to revive and put in force" the ordinance of March 20, 1855, and ordering the "mayor of the city to cause to be filled up and executed 100 bonds of this city for $1,000 each as provided in the ordinance of March 20, 1855," &c. The bonds were accordingly issued and sold, but were made payable on or before July 1, 1870, as before stated. The cause was submitted on a demurrer to pleas raising the questions below decided.

Watkins & Rose, for plaintiff.
Mr. Warwick, for defendant.

DILLON, Circuit Judge, delivering orally the opinion of the court. In substance it was

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

held, 1: That the bonds were not void in the hands of the plaintiff, on the ground that they were made payable at a shorter date than fifteen years. This objection does not go to the question of power; but is at most an irregularity or a failure to comply with directory provisions of the ordinance. Since the act of the legislature did not prescribe the time for which the bonds were to run, but left that to the corporation, bonds issued by the corporation payable at a date earlier than that named in the ordinance were binding upon it, certainly so when such bonds had been sold and were in the hands of innocent holders for value.

Held, 2: That in the absence of any decision of the supreme court of the state upon the question of the constitutionality of the legislation authorizing municipal indebtedness and taxation to pay for stock in railway companies, and considering the state of the adjudications upon that subject in the different states, and particularly the course of decision in the supreme court of the United States upon the liability of corporations issuing such bonds, the court, whatever might be their individual opinion on the general question, or as to how it should be decided in the state tribunals, would not (under these circumstances), hold the bonds to be unconstitutional. The court observed that the present weight of the authority was, perhaps, in favor of the power of the legislature, and it was not befitting that the national court should, on a subject respecting which so much doubt exists in the professional and judicial mind, declare to be unconstitutional legislation, and to overthrow a legislative policy which had never been questioned in the tribunals of the state, especially when the question was presented to it in action by a bona fide holder of the bonds.

Judgment for plaintiff.

NOTE. In Ranlett v. Leavenworth [Case No. 11,569] the circuit court of the United States for the district of Kansas, at the May term, 1871 (present Miller and Dillon, JJ.), prior to the decision of the supreme court of Kansas affirming the constitutionality of such bonds, declined for reasons substantially the same as those stated above, to pronounce the bonds held by the plaintiff (a bona fide holder) to be void for the want of authority in the state legislature, under the state constitution, to authorize their issue. As to the other point, it may be observed that the courts, while differing on the constitutional question, concur with great unanimity in holding that there is no implied authority in municipal corporations to take stock in railway or manufacturing enterprises, and to levy taxes, or borrow money to pay bonds or debts thus incurred; power of this kind must be expressly conferred. City of Aurora v. West, 22 Ind. 88; Starin v. Genoa, 23 N. Y. 439, 455; City of Atchison v. Butcher, 3 Kan. 104; City of Bridgeport v. Housatonic R. R. Co., 15 Conn. 475; Marsh v. Fulton Co., 10 Wall. [77 U. S.] 676; Nichol v. Mayor, etc., of Nashville, 9 Humph. 252; City of St. Louis v. Alexander, 23 Mo. 483; Jones v. Mayor, 25 Ga. 610. As to manufacturing and private enterprises: Cook v. Sumner Spinning & Manuf'g Co., 1 Sneed, 698; Clark v. Des Moines, 19 Iowa, 199.

A municipal corporation may successfully defend against a bond, though negotiable in form, and in the hands of innocent purchasers, on the ground that its officers or agents had no power by law to issue it. This sound, safe, and true rule of law has had the uniform approval of the state courts (City of Aurora v. West, 22 Ind. 88, 503; City of St. Louis v. Alexander, 23 Mo. 483; Starin v. Genoa, 23 N. Y. 439; Mercer Co. v. Pittsburgh & E. R. Co., 27 Pa. St. 389; Mercer Co. v. Hackett, 1 Wall. [68 U. S.] 83; Supervisors of Marshall Co. v. Cook, 38 Ill. 44; State v. Commissioners of Hancock Co., 11 Ohio St. 183), and has recently received the express sanction of the supreme court of the United States (Marsh v. Fulton Co., 10 Wall. [77 U. S.] 676).

But no favor is given where bonds, negotiable in form, are in the hands of bona fide holders, to mere irregularities in their issue not going to the question of the power to issue or contract. Knox Co. v. Aspinwall, 21 How. [62 U. S.] 539; Gelpcke v. Dubuque, 1 Wall. [68 U. S.] 175; Moreau v. Commissioners, 2 Black [67 U. S.] 722; Bissell v. Jeffersonville, 24 How. [65 U. S.] 287; Butz v. Muscatine, 8 Wall. [75 U. S.] 575; Mercer Co. v. Hackett, 1 Wall. [68 U. S.] 83; Commissioners of Knox Co. v. Nichols, 14 Ohio St. 260; Myer v. Muscatine, 1 Wall. [68 U. S.] 384, 393; Van Hastrup v. Madison, 1d. 291; Butler v. Dunham, 27 Ill. 474. Remedy of holder: Riggs v. Johnson Co., 6 Wall. [73 U. S.] 166; Welch v. Ste. Genevieve [Case No. 17,372]; Chicago, B. & Q. R. Co. v. Otoe Co. [Id. 2,667].